UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                    GOVERNMENT

v.                                        Criminal No. 5:21-cr-6-DCB-FKB

EDWARD COCKERHAM                                             DEFENDANT

ORDER

BEFORE THE COURT is Edward Cockerham's ("Defendant") Motion to Dismiss the Indictment ("Motion") [ECF No. 25], arguing that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment and pursuant to the Supreme Court's recent decision in New York State Rifle & Pistol Assoc., Inc. v. Bruen, 142 S.Ct. 2111 (2022). The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Background

On September 8, 2021, a grand jury indicted Defendant on a charge of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 4]. The Defendant has filed one Motion, which the Court will now address.

II.  Standard

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request

1

that the court can determine without a trial of the general issue." In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id.

The Court also is guided by the firmly established principle that dismissal of an indictment is extraordinary and unusual relief because, unlike dispositive motion practice in civil cases, it encroaches upon the fundamental role of the grand jury. E.g., United States v. McFadden, 59 F.3d 1243, n. 4 (5th Cir. 1995) (dismissal of an indictment is limited to "extraordinary situations"); United States v. Fulmer, 722 F.2d 1192, 1195 (5th Cir. 1983) ("For this reason, we have held that a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant.").

Here, Defendant does not dispute that the Indictment states an offense under 28 U.S.C. § 922(g)(1), but instead challenges

the statute as unconstitutional on its face. This issue can properly be decided as a matter of law before trial.

III. Analysis

In 2008, the Supreme Court recognized an individual right under the Second Amendment to possess firearms in common use, such as handguns, for traditionally lawful purposes, such as self-defense within the home. District of Columbia v. Heller, 554 U.S. 570, 592, 627 (2008). The Court found in McDonald that this right is fundamental and applies to the states under the Due Process Clause of the Fourteenth Amendment. McDonald v. City of Chicago, 561 U.S. 742, 778 (2010).

Under those decisions, the Fifth Circuit has consistently upheld the constitutionality of §922 generally and subsection (1) specifically.  See U.S. v. McGinnis, 956 F.3d 747 (5th Cir 2020); U.S. v. Anderson, 559 F.3d 348 (5th Cir. 2009); United States v. May, 538 Fed. Appx. 465, 466 (5th Cir. 2013) (citing U.S. v. Patterson, 431 F.3d 832, 836 (5th Cir. 2005)).

Thus, the question presented in Defendant's Motion is whether the Bruen holding constitutes an intervening decision that invalidated as unconstitutional 922(g)(1), which would relieve this Court of Fifth Circuit precedent upholding that criminal statute.

Under Bruen, the Second Amendment "protect[s] the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense" and "an individual's right to carry a handgun for self-defense outside the home." Bruen, 142 S. Ct. at 2122.

Section 922(g)(1) prohibits any person convicted of a "crime punishable by imprisonment for a term exceeding one year" from possessing a firearm, even for a lawful purpose such as self-defense. Because the Second Amendment presumptively protects the proscribed conduct, Bruen requires that such a law must be consistent with a historical tradition of firearm regulation. Bruen, 142 S. Ct. at 2129-30.

This Court has already recognized that "§ 922(g)'s restriction on possession of firearms by felons-another high-risk class- has a long and established history in English and American common law." U.S. v. Daniels, 1:22-cr-58-LG-RHWR-1 (S.D. Miss. Jul. 8, 2022) (citing U.S. v. Emerson, 270 F.3d 203, 226 n. 21)).

Bruen teaches that the "historical inquiry that courts must conduct will often involve reasoning by analogy" and "determining whether a historical regulation is proper analogue for a distinctly modern firearm regulation requires a

4

determination of whether the two regulations are 'relevantly similar.'" Bruen, 142 S. Ct. at 2132.

Federal courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute. See United States v. Ingram, No. CR 0:18-557-MGL-3, 2022 WL 3691350 (D.S.C. Aug. 25, 2022); United States v. Jackson, No. CR-22-59-D, 2022 WL 3582504, (W.D. Okla. Aug. 19, 2022); United States v. Nutter, No. 2:21-CR-00142, 2022 WL 3718518, at *8 (S.D.W. Va. Aug. 29, 2022); United States v. Burrell, No. 21-20395, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022) (citing cases and remarking, "This Court has not identified any district court that has granted a similar motion to dismiss any criminal charge under Section 922(g), to date.").

The Court finds that 18 U.S.C. § 922(g)(1) is not unconstitutional on its face and there is no reason to dismiss the Indictment against Defendant.

Accordingly, this Court hereby DENIES Defendants' Motion to Dismiss the Indictment. [ECF No. 25].

SO ORDERED this 13th day of September, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

5