IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.                              CRIMINAL ACTION NO. 5:21-cr-06-DCB-ASH

EDWARD COCKERHAM                                         DEFENDANT

ORDER DENYING MOTION IN LIMINE

BEFORE THE COURT is the Government's Motion in Limine [ECF No. 55]. For the following reasons, the Court DENIES the Motion.

I. Background

A grand jury indicted Edward Cockerham ("Defendant") on September 8, 2021, for a charge of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 4]. This case is currently set for trial on April 22, 2024. The Government filed its first Motion in Limine ("Motion") that the Court now addresses.

II. Legal Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods,

1

Inc., 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." Id. (quoting United States v. Beasley, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III. Discussion

In the Motion, the Government asks the Court to prohibit the parties "from raising any negative inferences from a party's failure or decision not to call or produce a particular witness without first establishing, outside the presence of the jury, that such negative inference is proper." [ECF No. 55] at 1.

"[A] party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." United States v. Wilson, 322 F.3d 353, 363 (5th Cir. 2003). "There is, however, an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." Id. at 364 n.14 (quoting McClanahan v. United States, 230 F.2d 919, 925 (5th Cir. 1956)). A witness is not equally available "if

2

one of the parties controls that witness and his testimony would elucidate facts in issue." United States v. Santos, 589 F.3d 759, 764 (5th Cir. 2009) (citing United States v. Chapman, 435 F.2d 1245, 1247 (5th Cir. 1970)).

The Government submits in their motion that it is not always clear whether a witness is "equally available" to the Government and Defendant. [ECF No. 55] at 2. As a result, the Government asks that "before any such negative inference is drawn from one party's failure or decision not to call a particular witness, that the party seeking such inference must first establish, outside the presence of the jury, that the inference is proper." [ECF No. 55] at 2. However, the Court is hesitant to rule on the Motion without further context, the identities of the parties' witnesses, and development of a full record. Therefore, the Court finds that this matter is more appropriately resolved at trial and not in a Motion in Limine.

IV. Conclusion

Accordingly, this Court hereby DENIES without prejudice the Government's Motion in Limine. [ECF No. 55].

SO ORDERED, this 18th day of March, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE